# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FREDRICK ALLEN SCHUBERT JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-741-G |
| | ) | |
| **TULSA COUNTY et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

In August 2018, Plaintiff Fredrick Allen Schubert Jr. filed pro se this federal civil rights action, identifying himself as detainee of the State of Oklahoma. *See* Compl. (Doc. No. 1). Because Plaintiff has failed to comply with this Court's orders and applicable rules, the Court now dismisses this action without prejudice.

*I.    Background*

Plaintiff's Complaint, filed August 2, 2018, identifies three Defendants: (1) Tulsa County, Oklahoma; (2) the Tulsa Police Department; and (3) the David L. Moss Criminal Justice Center in Tulsa, Oklahoma. *See* Compl. at 4. Because Plaintiff's allegations are concerned with Defendants' detention of Plaintiff in Tulsa County, Oklahoma, each Defendant is specifically alleged to reside in Tulsa, Oklahoma, and no events relevant to this lawsuit are alleged to have occurred within the Western District of Oklahoma, the Court determined that it appears that venue for this action properly lies in the Northern District of Oklahoma. *See id.* at 4, 6-8; 28 U.S.C. § 1391(b).

If venue does not lie within a judicial district, the Court "shall dismiss, or if it be in the interest of justice, transfer" this case to the proper district. 28 U.S.C. § 1406(a); *see Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 n.3 (10th Cir. 2001); *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010). The Court therefore issued an Order to Show Cause, giving Plaintiff the opportunity to present his views as to why venue was proper and why this action should not be dismissed or transferred due to improper venue pursuant to 28 U.S.C. § 1406(a). Plaintiff was ordered to file his response to this Order on or before October 5, 2018. *See* Order to Show Cause (Doc. No. 5).

The Court's Order to Show Cause was mailed to Plaintiff at his address of record. It then was returned as undeliverable, with the notation "NOT IN CUSTODY." Doc. No. 6.

## II. Discussion

As of this date, Plaintiff has not submitted a response to the show cause order, requested an extension of time to comply with the show cause order, provided an updated address, or otherwise contacted the Court regarding this lawsuit.

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation

marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014); *Soboroff v. Doe*, 569 F. App'x 606, 608-09 (10th Cir. 2014); *Frey v. McCormack*, 150 F. App'x 848, 849-50 (10th Cir. 2005).

If Plaintiff's address changed, he was (and is) under a duty to notify the Court. *See* LCvR 5.4(a). Without a current address, the Court is unable to communicate with Plaintiff regarding this lawsuit or to collect any of the filing fee owed by Plaintiff.

Plaintiff's failure to prosecute his action and to comply with the Court's Orders leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative). Any extension of his original deadline would be futile given the Court's inability to contact Plaintiff.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 12th day of October, 2018.

_____
CHARLES B. GOODWIN
United States District Judge